991 F.2d 806
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Steven Frank YOUNG, Defendant-Appellant.
 No. 92-4088.
 United States Court of Appeals, Tenth Circuit.
 April 20, 1993.
 
 Before EBEL, Circuit Judge, GODBOLD, Senior Circuit Judge,[1] and KELLY, Circuit Judge.
 ORDER AND JUDGMENT[2]
 GODBOLD, Senior Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant pleaded guilty to escape. 18 U.S.C. § 751(a). This appeal raises only a sentencing issue.
 
 
 3
 Evidence supported the following events. Defendant was in escape status from a community treatment center. Together with a companion, he climbed a fence and entered a home through a window. Noises were heard, described as "breaking and entering noises." Residents of the house were out of town. The two persons were seen to emerge from the building. They ran in different directions, and both were chased and apprehended. Defendant resisted arrest and could be subdued only after additional officers were called. No items from the house were found in defendant's possession, but the companion had in his possession coins taken from the house. Defendant admitted that he entered the house without permission. His footprints were found in the house. There was no evidence that he entered the building out of mere curiosity, or with intent to cause annoyance or physical damage to the building or to possible occupants, or with any other motive than intent to participate in a theft. No property damage was reported.
 
 
 4
 Defendant raises one issue. He says that he was entitled to a four-level reduction in his offense level pursuant to U.S.S.G. § 2P1.1(b)(3):
 
 
 5
 If the defendant escaped from the non-secure custody of a ... community treatment center ... decrease the offense level under subsection (a)(1) by 4 levels or the offense level under subsection (a)(2) by 2 levels. Provided, however, that this reduction shall not apply if the defendant, while away from the facility, committed any federal, state or local offense punishable by a term of imprisonment of one year or more.
 
 
 6
 The district judge applied the proviso to (b) on the basis that defendant, while away from the treatment center, had committed a state offense punishable by a term of imprisonment of one year or more, i.e., burglary of a dwelling, a felony of the second degree. Utah Code Ann. 76-6-202 defines burglary:
 
 
 7
 A person is guilty of burglary if he enters or remains unlawfully in a building or any portion of a building with intent to commit a felony or theft or commit an assault on any person. Burglary is a felony of the third degree unless it was committed in a dwelling, in which event it is a felony of the second degree.
 
 
 8
 A second degree felony is punishable by one to 15 years. Utah Code Ann. 76-3-203(2).
 
 
 9
 Defendant contends that at most he committed only criminal trespass, a misdemeanor under Utah Code Ann. 76-6-206, because there was no evidence that he intended to commit a theft when he entered the dwelling. The trial court's finding of fact that defendant entered with intent to commit a theft was not plainly erroneous. 18 U.S.C. § 3742(d)(4). It could be, and properly was, inferred from all the circumstances.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 The Honorable John C. Godbold, Senior U.S. Circuit Judge for the Eleventh Circuit, sitting by designation
 
 
 [2]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3